CASIANO DÍAZ MEDIAVILLA, Appellant, v. REGISTRAR OF PROPERTY OF SAN JUAN, Respondent.

No. 745.   Submitted December 22, 1928.—Decided February 4, 1929.

108

*Fulgencio Piñero* for the appellant.

Mr. Justice Wolf delivered the opinion of the court.

Casiano Díaz Mediavilla was the owner of a credit secured by a mortgage. In an execution under a summary suit he bought in the property. The registrar denied the record in the following note:

"The record of this document is denied, because the property awarded is recorded in the name of Juan M. Tellado, a person other than the defendant Eulalia Ferrer, and because, as per annotation letter B, there exists a record of an attachment in favor of Successors of A. Mayol & Co., made subsequent to the entry of the mortgage credit foreclosed, and such subsequent owner and creditor do not appear to have been notified of the foreclosure proceeding."

Juan M. Tellado was a purchaser from the debtor Eulalia Ferrer Yerrén. The attachment was for a debt against the said Juan M. Tellado. Both the sale to Tellado and the record of the attachment were made subsequently to the annotation in the registry of a cautionary notice or *caveat* of the pendency of the suit to enforce the mortgage.

On the face of the proceedings if these facts were before us only and in an ordinary adversary suit there could be no doubt of the precedence of the right of Casiano Díaz Mediavilla as a mortgage creditor. This would appear from the case of *Bank of Porto Rico* v. *Solá,* 26 P.R.R. 57. In that case both a mortgage and an attempted sale thereunder took place after an ordinary creditor had obtained an attachment, and a *caveat* thereof in the registry, but there, as here, the

case turned or would turn on who had preference by reason of the *caveat.*

The Registrar of San Juan does not question these principles. He does not combat the possibility that the mortgage creditor might originally have had a prior claim to the property and that the subsequent annotations did not destroy the prior claim. He disputes the validity of the sale and maintains that his duties under the Mortgage Law in this regard are imperative and also that the questions between the parties as to priorities should be settled in a court of law. The registrar cites section 171 of the Regulations of the Mortgage Law, section 129 of the Law itself and, among others, our decisions in *Manrique* v. *Registrar of Guayama,* 33 P.R.R. 515, and *Nazario Figueroa* v. *Registrar of San Germán,* 36 P.R.R. 694.

This last-named case enunciates the principle that under section 171 of the Regulations of the Mortgage Law subsequent creditors have a right to be notified of any sale to be made under the said mortgage law. This principle is applicable to and may be invoked by all persons who are interested in the property proposed to be sold, provided their claims or rights have been duly recorded in the registry. However, as the cited cases show, section 171 refers to the annotations of claims recorded subsequently to the inscription of the mortgage right itself. This section makes it the duty of an executing creditor to notify all persons whose rights appear from the initial certificate of the registrar, such certificate being one of the conditions precedent to the summary execution. By its terms section 171 has no application to persons whose rights arose in the registry subsequent to the issue of the certificate. Especially is this true, if not exclusively true, when the executing creditor has noted, as here, his executory complaint in the registry.

This is made perhaps a little more clear by section 71 of the Mortgage Law.

The first three paragraphs of that section read as follows:

"Real property or property rights against which cautionary notices have been entered may be alienated or encumbered, but without prejudice to the right of the person in whose name the cautionary notice was entered.

"If the real property or rights against which cautionary notices have been entered in accordance with the provisions of subdivisions 2 and 3 of article 42 should be awarded to a plaintiff under judgment rendered in an action brought by him, or if it should become necessary to advertise them for sale at auction, the person who may have acquired such property or rights during the litigation shall be notified of the award or advertisement.

"Such notice shall be served on motion of the plaintiff after the final judgment of award shall have been rendered or before the sale in the compulsory proceedings takes place, following the provisions of articles 260 to 269 of the Law of Civil Procedure in force in the Antilles and articles 244 to 253 of that in force in the Philippines."

The first paragraph provides that a right annotated can not be prejudiced by a subsequent record. Here the executing creditor made an annotation of the commencement of his summary suit. He thus notified all the world of his prior right and anyone who attempted to make a record thereafter did so at the risk of the property being sold. Such subsequent purchaser or creditor was in no sense a third person and it was his duty to follow the result of the mortgage proceeding. There is no doubt in this case that both the sale to Tellado and the attachment were recorded subsequently to the initiation of the mortgage proceeding and its due annotation in the registry.

The note should be reversed and the record made.